UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOE S. ALLEN, on behalf of himself
and all others similarly situated                                                        PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:06CV-25-S

ROHM AND HAAS COMPANY RETIREMENT PLAN, et al.                DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Rohm and Haas Company Retirement Plan and Rohm and Haas Company, to dismiss or alternatively to transfer the action to the United States District Court for the Southern District of Indiana. The court concludes that the action should be transferred to the Southern District of Indiana under the first-to-file rule.

On April 2, 2004, a class action complaint was filed in the United States District Court for the Southern District of Indiana. The complaint was filed by Gary Williams on behalf of himself and on behalf of other retirees of Rohm and Haas whose lump sum pension payment did not include an annual cost of living adjustment which he claimed they would have received had they chosen to take their pensions in the form of an annuity. On October 21, 2004 the court certified the class in the Indiana action. The class consists of

> All former participants in the Rohm & Haas Pension Plan (the "Plan") who received a lump sum distribution from the Plan which did not take into account a cost of living adjustment in calculating the lump sum distribution.

On December 22, 2005, the court granted summary judgment in favor of the plaintiffs on their claim to recover the value of cost of living adjustments ("COLA")in their lump sum benefit. The court granted certification of an interlocutory appeal of the ruling. The United States Court of Appeals for the Seventh Circuit accepted the appeal on May 30, 2006. The district court has stayed all further proceedings in the Indiana action pending the outcome of the interlocutory appeal.

On January 20, 2006, Joe S. Allen filed the action at bar. This action was filed on behalf of himself and "[a]ll participants in the [Rohm and Haas Company Retirement] Plan who received, or will be eligible to receive in the future, a lump sum pension benefit distribution which calculation thereof did not, does not, or will not include the value of a cost-of-living adjustment." Complaint, ¶ 8. The defendants seek dismissal or alternatively transfer on the ground that this action is duplicative of the first-filed action in Indiana. The wrong alleged by Allen in the administration of the Plan is the same wrong which was alleged in the Indiana action. While the claims are not identical in form, there need be only substantial overlap for the actions to be duplicative and to thus implicate the first-to-file rule. *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp.2d 686, 689-90 (E.D.Tenn. 2005). As noted in *Cadle Company v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999),

> In sum,..."Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] was [sic] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." *Mann [Mfg. Inc. v. Hortex, Inc.*, 439 F.2d 403] at 407. The district court correctly refused to act as a "super appellate court" by entertaining either Cadle's jurisdiction or the defendants' standing arguments, and properly limited its inquiry to the potential overlap between the two cases. By so limiting its analysis, the district court indeed avoided trenching on the authority of its sister court, one of "the very abuses the first-to-file rule is designed to prevent." *Cadle*, No. 97-1502, slip op. at 4..."[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp. [v. P & P Indus., Inc.*, 125 F.3d 914] at 920...Thus, once the district court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case...to determine which case should, in the interests of sound judicial administration and judicial economy, proceed. The district court erred by dismissing the suit.

*See, also, Aluchem, Inc. v. Sherwin Alumina, L.P.*, 2006 WL 1281887 (S.D.Ohio May 10, 2006)(slip copy); *Fuller, supra.*

The first-to-file rule is a "well-established doctrine that encourages comity among federal courts of equal rank..." *Aluchem, Inc., supra, quoting, Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 Fed.Appx. 433 (6th Cir. 2001). In determining whether the first-to-file rule applies,

- 3 -

the court should examine the chronology of the actions, the similarity of the parties involved, and the similarity of the issues at stake. *Aluchem, Inc., supra., quoting, Versus Tech., Inc. v. Hillenbrand Indus., Inc.*, 2004 WL 3457629 (W.D.Mich. Nov. 23, 2004).

There is no question that the Indiana action is the first-filed action and that comity requires this court to respect the substantial development of the issues which has already taken place in the former case. Allen does not dispute that he is a member of the class certified by the Indiana court.[1] The issue as to the entitlement of retirees to the value of yearly COLAs is identical in both lawsuits. The action must therefore be transferred to the Southern District of Indiana for all further proceedings. A separate order will be entered this date in accordance with this opinion.

---

[1] Allen suggests that, at some point, it may be determined that his claim is time-barred. He refers to a note to the class certification order which states that "[t]he exact make-up of the purported class will be determined by the statute of limitations applicable to plaintiff's ERISA claim. Because the parties disagree as to the applicable statute of limitations to the purported class' claim, the parties do not stipulate or agree as to the accrual date for the class. The parties intend to brief this issue for the Court's determination at a later date." October 21, 2004 Order. As the claims and parties are virtually identical, principles of comity require that we defer to the Indiana court to address the further viability of Allen's claims.